Lucy E. MERCER and Ruth Havens, Individually and on behalf of all those similarly situated

v.

Bruce Lee BIRCHMAN, Administrative Law Judge, Department of Health and Human Services, and Richard S. Schweiker, Secretary of the Department of Health and Human Services.

Civ. No. H–78–71.

United States District Court, D. Connecticut.

March 11, 1982.

Judith Stein Hulin, Charles C. Hulin, Norman K. Janes, Douglas M. Crockett, Connecticut Legal Services, Willimantic, Conn., for plaintiffs.

Frank Santoro, Asst. U. S. Atty., Alan H. Nevas, U. S. Atty., New Haven, Conn., for defendants.

## RULING ON REMAND

T. EMMET CLARIE, Chief Judge.

The plaintiff, Lucy E. Mercer, and the intervening plaintiff, Ruth Havens, sought and were denied Medicare benefits and instituted this class action in 1978 against the administrative law judges who first heard their claims and the Secretary of the Department of Health, Education and Welfare. The plaintiffs argued that the Medicare claims procedure denied them a reasonable opportunity to be heard in violation of the due process and equal protection clauses of the Constitution, as well as the Social Security Act and regulations promulgated thereunder. After initially certifying the class, allowing the intervention of Ruth Havens, and denying a motion to dismiss, the Court *sua sponte* ordered the case dismissed on March 5, 1981, finding that the plaintiffs had failed to exhaust the administrative remedies available to them prior to bringing suit and that the Court lacked jurisdiction over the case. The Court also noted that the plaintiffs had received the benefits they were originally denied through administrative appeal. The plaintiffs appealed the order of dismissal to the

Court of Appeals, which remanded the case to this Court to determine whether the jurisdictional issue presented by the plaintiffs' procedural claims is controlled by Judge Friendly's decision in *Ellis v. Blum*, 643 F.2d 68 (2d Cir. 1981). The Court recognizes that in certain instances mandamus jurisdiction will lie under 28 U.S.C. § 1361 to review procedures employed in administering Social Security benefits, even where a plaintiff has failed to exhaust her administrative remedies, *Ellis*, 643 F.2d at 78, but finds that the facts presented in this case do not justify deviating from the ordinary requirement of exhaustion. Accordingly, the suit is dismissed for want of jurisdiction.

*Facts*

Although the Court set out the facts of this case in some detail in its earlier decision, 510 F.Supp. 99 at 100–02, it is useful for present purposes to summarize the sequence of events leading up to and following the filing of this action.

(1) On June 27, 1977, Mrs. Mercer submitted a timely request for a hearing on her Medicare claim. Mrs. Havens submitted her request for a hearing on July 14, 1977.

(2) On November 27, 1977, Mrs. Mercer requested copies of all proposed exhibits. This request allegedly was denied.

(3) On December 6, 1977, Mrs. Mercer's attorney requested that the hearing, scheduled for the next day in Providence, Rhode Island, be postponed and moved to her home town, Windham, Connecticut. This request was denied.

(4) On December 7, 1977, the hearing on Mrs. Mercer's claim was held. As a result of several adverse procedural rulings, her representatives decided not to participate in the hearing.

(5) On February 9, 1978, Mrs. Mercer filed this action in this Court.

(6) On February 22, 1978, a hearing was held on Mrs. Havens' claim. At that hearing certain procedural abuses allegedly occurred.

(7) On April 7, 1978, Judge Birchman denied Mrs. Mercer's claim. On that day also Judge McCarthy denied Mrs. Havens' claim.

(8) On April 13, 1978, Mrs. Havens moved to intervene.

(9) On April 25, 1978, a class was certified in this case.

(10) On June 29, 1978, Mrs. Havens' motion to intervene was granted.

(11) On September 29, 1978, the Appeals Council remanded Mrs. Mercer's case. The case was assigned to Administrative Law Judge Clayton A. Dietrich.

(12) On November 2, 1978, Judge Dietrich communicated with Mrs. Mercer's representatives on the availability of copies of the exhibits and on the timing of the hearing to suit Mrs. Mercer's convenience.

(13) On November 28, 1978, Judge Birchman left the Department of Health, Education, and Welfare for employment as an administrative law judge elsewhere in the federal bureaucracy.

(14) On December 14, 1978, the Appeals Council remanded Mrs. Havens' case, with instructions on the procedure to be employed at the hearing on remand.

(15) On January 25, 1979, Mrs. Havens' claim for benefits was granted.

(16) On April 30, 1979, Mrs. Mercer's claim for benefits was granted.

The plaintiff Lucy Mercer complained of the following procedural irregularities:

(1) He allegedly refused to schedule her hearing at a time and place reasonably convenient to her;

(2) He denied her an opportunity to testify at the hearing;

(3) He ruled her testimony irrelevant to his decision;

(4) Prior to the hearing he denied her representatives' request for a copy of the exhibits that would be used at the hearing;

(5) At the hearing he again denied her representatives a copy of the exhibits;

(6) He permitted only one of the representatives to participate in the meeting.

Mrs. Havens added an allegation that neither she nor her representative were permitted to make oral arguments in support of her claim for benefits.

## Discussion of the Law

The sole question before the Court is whether the jurisdictional issue presented by the plaintiffs' procedural claims is controlled by *Ellis*. That case involved a challenge to the adequacy of pretermination notices used by the Bureau of Disability Determinations of the New York State Department of Social Services to notify recipients of Social Security disability payments that they were no longer eligible for benefits. Those persons so notified were given 10 days in which to submit additional evidence bearing on eligibility after which time the state agency made a formal recommendation which was reviewed by the Social Security Administration ("SSA"). The plaintiffs specifically charged that the pretermination notices did not contain either a summary of the evidence relied upon or the reasons for the determination by the state agency that benefits be terminated, both of which practices, the plaintiffs maintained, violated regulations contained in the Manual of the SSA.

It is worth noting that the named plaintiff in *Blum*, Catherine Ellis, had a particularly protracted, difficult and somewhat confusing experience with respect to the termination of her benefits. She alleged that she first received notice that her benefits would be terminated from a telephone call by an individual who identified herself as an employee of the SSA. This news was so distressing to the plaintiff that she suffered an epileptic seizure and, forgetting the evidence SSA claimed to be relying on in determining her ineligibility, failed to submit any evidence in support of continued benefits within the 10-day period. Instead, she contacted her local Social Security office and was assured that she had not been "cut off." A couple of months later, she received a formal termination notice from the SSA which informed her that she was no longer eligible for benefits and had, in fact, received her last payment. After re-taining counsel, the plaintiff was advised by the Department of Health, Education and Welfare's ("HEW") Regional Counsel that her benefits would be reinstated retroactively pending a review of her case by the state agency, but was warned that the results of the review would likely be the same as the original determination of ineligibility. A subsequent determination of ineligibility by the state agency was withdrawn after a telephone call between the plaintiff's attorney and the agency in which the latter claimed the need for more time to further develop its findings. Finally, some 10 months after the plaintiff originally received notice of her ineligibility, the state agency reiterated its decision that her benefits be terminated. In none of the notices sent to the plaintiff did the state agency provide her with a summary of the evidence or the reasons pertaining to the termination of benefits. Shortly thereafter, the plaintiff filed her suit. 643 F.2d at 71–72.

The suit was dismissed by the district court for lack of jurisdiction. The Court of Appeals reversed, finding jurisdiction over the state defendants under 28 U.S.C. § 1331 and jurisdiction over the Secretary of the SSA under 28 U.S.C. § 1361. As the present suit has been instituted solely against federal defendants, the Court will limit its focus to the discussion in *Blum* of § 1361 jurisdiction against the Secretary.

The *Blum* court expressly declined to base its finding that the district court had jurisdiction over the Secretary on either section 405(g) of the Social Security Act or 28 U.S.C. § 1331. Instead, it noted that "an impressive array of cases" have established that federal courts can properly review Social Security procedures under § 1361 notwithstanding the prohibition contained in section 405(h) of the Act against federal question jurisdiction "to recover on any claim arising under this subchapter." The Court considered, but rejected, the requirement that a party seeking to invoke mandamus jurisdiction have exhausted all available administrative remedies as set forth in *Lovallo v. Froehlke*, 468 F.2d 340 (2d Cir. 1972), *cert. denied*, 411 U.S. 918, 93

S.Ct. 1555, 36 L.Ed.2d 310 (1973), noting that:

> "it would be foolish to expect the Secretary in an adjudicatory administrative proceeding to take steps to remedy what plaintiff alleges to be a full-blown policy of the state defendants of issuing deficient pretermination notices. Rather one would expect the Secretary simply to retract an individual incomplete notice upon its discovery. Indeed, this is precisely the policy of the Secretary as stated in argument to this court and as demonstrated by the facts of this case." *Id.* 643 F.2d at 78.

Moreover, the court observed that:

> "Twice plaintiff received allegedly inadequate pretermination notices and twice she complained, only to have the notices retracted and a new but equally defective one issued. We see no point in requiring plaintiff further to exhaust her administrative remedies before allowing her to litigate the question of the Secretary's duty to compel compliance with prescribed procedures." *Id.* at 79.

The conclusion in *Blum* that requiring exhaustion of administrative remedies would be futile is analogous to a prior decision of this Court in the case of *White v. Mathews*, 434 F.Supp. 1252 (D.Conn.1976), aff'd, 559 F.2d 852 (2d Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978), that § 1361 jurisdiction would lie notwithstanding the absence of exhaustion in a case contesting unusually long delays in administrative appeals from agency denials of disability benefits, which the Court ultimately found constituted a denial of due process. The Court noted in that case:

> "it is the crux of plaintiff's suit that he cannot receive a prompt hearing, a fact, which on its face, the Secretary does not (and indeed could not successfully) dispute. Thus by definition, there is virtually no other adequate remedy available." *Id.* 434 F.Supp. at 1259.

In cases where jurisdiction is based on section 405(g) of the Social Security Act, courts have similarly concluded that ex-

haustion should not be required where to do so would serve no useful purpose. In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Court found that exhaustion was not required in a case involving the duration-of-relationship requirements of the Social Security Act. The Court observed that exhaustion is important "so that the agency may function efficiently and so that it may have an opportunity to correct its own errors," and concluded that no such purpose would be served where "the only issue is the constitutionality of a statutory requirement, a matter which is beyond [the Secretary's] jurisdiction to determine." *Id.* at 765, 95 S.Ct. at 2466. In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), where the plaintiff claimed that HEW's procedures for determining continued eligibility for disability payments were unconstitutional in that they failed to provide for a hearing prior to a cut-off of payments, the Court again found that literal compliance with § 405(g) was unnecessary, observing that:

> "It is unrealistic to except that the Secretary would consider substantial changes in the current administrative review system at the behest of a single aid recipient raising a constitutional challenge in an adjudicatory context. The Secretary would not be required even to consider such a challenge." *Id.* at 330, 96 S.Ct. at 900.

In contrast to *Salfi* and *Mathews*, Mrs. Mercer and Mrs. Havens, at the commencement of this action, raised no general challenge to procedures, as they existed in statutes or regulations, but rather to the manner in which two particular hearings were conducted. Thus there can be no question of the jurisdiction of the Secretary to change procedures or the likelihood that he will do so. Unlike *Blum* or *White*, the procedures quickly and effectively corrected the very abuses complained of by the plaintiffs. This fact led the Court to comment in its earlier decision that:

> "It would be hard to find a set of facts that illustrate the wisdom of the exhaus-

tion doctrine better than the facts of these cases do. In both cases the agency involved demonstrated itself to to be willing and able to correct the procedural abuses that allegedly stood between the claimants and the benefits they deserved." 510 F.Supp. at 105.

Accordingly, this is not an appropriate case to waive the requirement of exhaustion, and the Court finds that jurisdiction exists under neither § 1361 nor § 405(g).

In view of the fact that the *Blum* court noted in dicta that § 405(h) might not preclude § 1331 federal question jurisdiction over procedural challenges not necessarily affecting entitlement to benefits, and in view of the fact that the plaintiffs have also asserted jurisdiction under that section, the Court finds that it is necessary to consider whether § 1331 jurisdiction exists under the present facts. The sole authority relied on in *Blum* for the proposition that § 1331 jurisdiction might exist over Social Security procedural challenges is the case of *St. Louis University v. Blue Cross Hospital Service*, 537 F.2d 283 (8th Cir.), *cert. denied*, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976). That case arose under the Medicare Act and was instituted by the plaintiff when its claims for reimbursement for services rendered to Medicare patients were disallowed by a committee which had been established by the Secretary of HEW and the Blue Cross Association to hear appeals from decisions of the defendant concerning reimbursement. Among other allegations raised by the plaintiff was the claim that the makeup of the committee, which was comprised of three Blue Cross Association employees and two persons appointed by the Blue Cross Association president from nominees of various national associations of providers, was unable to provide the plaintiff with an impartial hearing and therefore violated procedural due process. The court found jurisdiction over this claim under § 1331 noting that it would "not necessarily affect the University's entitlement to reimbursement or the amount allowed," *id.* at 292, and therefor did not come within the literal prohibition in § 405(h) against § 1331 suits for "claims arising under this subchapter." The court also determined that the Medicare Act did not provide the University with an adequate alternative means of obtaining judicial review of its due process claim. *Id.* As in the Social Security cases discussed above, *St. Louis University* involved a challenge to procedures which were so defective that requiring exhaustion of administrative remedies would have been pointless. The court specifically noted that:

"The University points out that HEW subjected it to the bureaucratic whim of a nongovernmental Provider Appeals Committee, a majority of the members of which were officers or employees of BCA whose initial decision was being appealed, and who had an institutional interest in the outcome. According to HEW's view, the Committee's discretion is essentially unrestrained. Judicial review is barred by § 405(h) and administrative review is precluded by the agreement between HEW and BCA which established the Committee. HEW will not review the Committee's decision even when a provider asserts that the Committee has blatantly ignored governing statutes, regulations, and constitutional requirements." *Id.* at 291.

The present case is easily distinguished. As noted above, procedures set out by the Secretary of the SSA for hearing appeals from denials of benefits can and do work very effectively as illustrated in this case where the allegedly inadequate procedures were corrected administratively and where the plaintiffs received the benefits they had originally sought. Thus there is no reason to utilize § 1331 as a means of avoiding the requirement of administrative exhaustion contained in § 405(g).

The case is dismissed.

SO ORDERED.