**C. Mack CAIN, Plaintiff,**

v.

**COMMONWEALTH OF VIRGINIA, et al., Defendants.**

**Civ. A. No. 82–00334A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 4, 1983.

Mary Lynn Tate, Yeary & Tate, P.C., Abingdon, Va., for plaintiff.

Neil A.G. McPhie, James T. Moore, III, Asst. Attys. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

The plaintiff, C. Mack Cain, brought this suit pursuant to 42 U.S.C. §§ 1983 and 1985, alleging, *inter alia,* that he was denied procedural due process because the defendants denied him the right to an impartial tribunal in a grievance procedure held as a result of his dismissal from employment as a counselor by the Virginia Department of Rehabilitative Services and the Division of Disability Determination. In particular, the plaintiff alleges that the defendant Merritt was permitted to act and did act as the Department's panel member notwithstanding the fact that "Merritt admitted under oath that he had participated in the decision to terminate the plaintiff and in fact recommended plaintiff's dismissal to plaintiff's supervisors who were Merritt's subordinates." Plaintiff seeks reinstatement with backpay and all other benefits, compensatory and punitive damages, costs and attorney's fees, and a permanent injunction restraining the Department of Rehabilitative Services and Division of Disability Determination from isolating the rights of disability claimants. Jurisdiction is pursuant to 28 U.S.C. § 1343(3) and (4). This case is before the court on plaintiff's motion for summary judgment, pursuant to Fed.R.Civ.P. 12(b) and 56, on the procedural due process issue involving Merritt's participation in the decision to terminate the plaintiff and thereafter sitting as one of the three members on the grievance panel. Defendants filed a memorandum of law in opposition to plaintiff's motion.

There is no question in this case that the plaintiff had a property interest in his job as an employee of the Department and as such was entitled to have a panel hearing after exhausting three steps of a grievance procedure. See *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The grievance procedure is set out in Va.Code § 2.1–114.5:1 (Repl.Vol.1979 and Supp.1983); however, a policies and procedures manual has been promulgated by the Department of Personnel and Training, and the pertinent provision involved in this case reads as follows:

A panel shall consist of three members: one member appointed by the grievant, one member appointed by the agency and a third member selected by the other two members. Such panel shall not be composed of any persons having direct involvement with the grievance being heard, such as the grievant, supervisor replying at the three management steps, representatives of the grievant at the third step and witnesses who have appeared at any management step. Panels chosen in compliance with these requirements shall be deemed to be impartial.

Dep't of Personnel and Training Policies & Procedures Manual, Commonwealth of Virginia, Policy No. 1.06 (effective December 1, 1981).

Plaintiff contends that there is a denial of due process in this case because the Agency violated its own regulations in selecting the panel. Merritt had participated in the decision to fire the plaintiff contrary to the foregoing regulation. Consequently, the plaintiff's hearing was not conducted by an impartial tribunal since Merritt had shown his partiality by participating in the firing decision outside of the panel hearing and prior to its institution. Defendants, on the other hand, contend that Merritt is not one of the people disqualified from the impartial panel under Policy No. 1.06 and that the only people who are disqualified are those falling in the categories specifically mentioned. Furthermore, the defendants rely upon the case of *Bowens v. N.C. Dept. of Human Resources,* 710 F.2d 1015 (4th Cir.1983) and contend that *Bowens* stands for the proposition that, regardless of any regulations or laws, an agency can violate its rules, for they are not necessary

to afford due process. Moreover, any actual or alleged bias on the part of a panel member must stem from an extraneous source other than that which occurs in the hearing or from his impartial conduct at the hearing.

"An impartial decision maker is an essential element of due process." *Bowens*, 710 F.2d at 1020 (citation omitted); however, relying upon *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966), the decision in *Bowens* is based upon the fact that "[a]n individual is not disqualified, however, because he has formed opinions about a case based on his or her participation in it. To be disqualifying, personal bias must stem from a source other than knowledge a decision maker acquires from participating in a case." *Bowens*, 710 F.2d at 1020.

When considering the pertinent language in *Grinnell*, the case revolves around a motion to disqualify Judge Wyzanski on the ground of personal bias and prejudice. The effort to disqualify Judge Wyzanski was based upon certain remarks which he made in the course of the trial which, it was asserted, manifested a closed mind on the merits of the case. The Court simply held that if Judge Wyzanski held an adverse attitude as a result of his study of the testimony and briefs in the case, then this attitude was not grounds for disqualifying a judge. On the other hand, grounds for disqualifying him must have occurred outside the trial of the case. *Grinnell*, 384 U.S. at 580–83, 86 S.Ct. at 1708–10. In this court's opinion, the Fourth Circuit's decision in *Bowens* stretches the decision of *Grinnell* to its outer limits; however, the Fourth Circuit seems to have thought that Dr. Linville, the person alleged to have been biased, actually was not prejudiced as a result of anything that occurred outside or inside the hearing. In that case eight dentists were on a committee that heard Dr. Bowens' case and six of the eight dentists submitted affidavits showing that Dr. Bowens' dental work was professionally unacceptable. The regulations provided that all committee decisions must be made by majority vote. Prior to the hearing by the full committee, Dr. Linville had written a letter expressing disappointment over a settlement agreement that had been worked out prior to any hearing. Dr. Linville submitted an affidavit denying that he had any personal bias or that he had attempted to sway any other committee members. Affidavits from five committee members also reflected that Dr. Linville had not influenced the committee's decision. Therefore, the court could have decided the *Bowens* case by a simple finding that there was no evidence of any bias on the part of Dr. Linville. Nevertheless, the Fourth Circuit panel in *Bowens* found that Dr. Bowens had not presented any evidence of Dr. Linville's bias and if there was any, it did not stem from an extraneous source and that Dr. Linville conducted himself in a proper manner at the hearing.

■ In another opinion, the Fourth Circuit also has said "an agency is required to comply with its regulations that are congruent with the requirements of constitutional due process." *Detweiler v. Com. of Va. Dept. of Rehab. Services*, 705 F.2d 557 (4th Cir.1983). For the foregoing rule of law the Fourth Circuit cites the case of *U.S. v. Caceres*, 440 U.S. 741, 749, 99 S.Ct. 1465, 1470, 59 L.Ed.2d 733 (1979). As it broadened the language of *Grinnell* in *Bowens*, the Fourth Circuit stretched the language of *Caceres* to its outer boundaries. Actually, what the Supreme Court said in *Caceres* relating to an agency complying with its regulations, is as follows: "A court's duty to enforce an agency's regulations is most evident when compliance with the regulation is mandated by the Constitution or federal law." *Id.* The question, therefore, presents itself as whether or not the United States Supreme Court or the Fourth Circuit has actually said that an agency must comply with its own regulations or it violates due process by failing to follow them. In the facts that we have before the court in this case, it is apparent that due process has been spelled out in the agency's regulations and that in this case, the Department of Rehabilitative Services has violated the dictates of *Det-*

*weiler* where its regulations are congruent with the requirements of constitutional due process. The agency argues in this case that it has not violated its own regulations; however, it is to be noted that while Merritt is not one of the named persons who is disqualified, the rule does not attempt to spell out all the persons who are disqualified but uses the language "such as", not an inclusive term, which means that anyone of a similar nature would be disqualified. Therefore, this court determines that the Department did violate its own regulations when it appointed Merritt to the panel since he took an active part in the decision to fire the plaintiff in this case. This court concludes that procedural due process, as laid out in *Detweiler*, has been violated. Furthermore, the court is of the opinion that procedural due process, as set forth in *Bowens*, is violated in this case because Merritt's bias evolved from a source outside the decision-making process of the panel hearing: He made the decision to dismiss the plaintiff before any panel or hearing was ever developed. This situation is aggravated particularly by the fact that before the panel hearing occurred in this case, the plaintiff and the defendants appeared before this court on a motion for a temporary injunction against the panel hearing on the grounds that Merritt was disqualified under the rules and regulations of the Department and that the panel was improperly constituted. This court declined to grant an injunction because plaintiff had a remedy at law in that relief can be granted after the hearing as well as before. At that time, the court specifically admonished the parties that due process required that an impartial panel be constituted to hear the plaintiff's case. In spite of this admonishment, the defendants proceeded to try this case with a panel member who already had made up his mind by participating in the firing process. If such action constitutes due process, then it is difficult to conceive of a situation when an aggrieved person could prove a panelist to be biased. This court's opinion in this matter is bolstered by the language in the United States Supreme Court case of *Gold-berg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), which is often cited as authority for the proposition that due process requires that the decision maker must be impartial. In the closing remarks of the majority opinion in *Goldberg*, the Court stated: "We agree with the District Court that prior involvement in some aspects of a case will not necessarily bar a welfare official from acting as a decision maker. He should not, however, have participated in making the determination under review." *Id.* at 271, 90 S.Ct. at 1022.

The foregoing language fits Merritt like a glove. He did participate in making the determination under review by the panel; therefore, he was disqualified under the Department's regulations, he was partial, and he should not have sat on the panel. Consequently, the plaintiff was denied procedural due process at the grievance hearing. Accordingly, plaintiff's motion for summary judgment is granted.

 The court requested counsel on each side to present any authority as to the relief that can be granted in this case, and neither side has furnished the court this authority. The defendants contend that they are all immune from monetary damages because they are sued in their official capacities as state employees. There is no question that the Commonwealth of Virginia, which is sued as an entity, is immune from compensatory damages under the eleventh amendment to the United States Constitution. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Parden v. Terminal Railway*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). It is well established that suits brought against an agency of the state are in fact suits against the state and covered by the eleventh amendment. *Ford Motor Co. v. Dep't. of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Employees v. Dep't. of Public Health and Welfare*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), and that the amendment bars equitable relief as well as monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). However, it has been

held that even the governor of a state is liable for money damages and does not enjoy the absolute immunity of his sovereign. Members of the executive branch have a qualified or good faith immunity, depending upon the discretion and responsibilities of the office and the circumstances surrounding the event. "It is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity of executive officers for acts performed in the course of official conduct." *Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1691–92, 40 L.Ed.2d 90 (1974). The Supreme Court later determined that the qualified immunity was not available if the official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [person] affected, or if he took the action with the malicious intent to cause a deprivation of constitutional rights or other injury to the [person]." *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975). *See Cruz v. Beto,* 603 F.2d 1178 (5th Cir.1979).

██ This court concludes that under the circumstances of this case defendant Merritt certainly did not act in good faith when he sat on the panel, especially after the court admonished him to provide the plaintiff an impartial panel. It is notable that as Commissioner of Client Services of the Virginia Department of Rehabilitative Services, Merritt is plaintiff's superior. Merritt's actions were damaging to plaintiff.

In considering what relief should be afforded to the plaintiff, the court notes that the plaintiff admitted in the grievance hearing that he had not followed departmental policy. The plaintiff did rely upon mitigating circumstances in an effort to have his punishment reduced to something other than firing: The mitigating circumstances were his reliance upon an opinion of an assistant attorney general of Virginia, and his utilization of leave time rather than time from his work for the Department.

There does not appear to be any evidence in the record that the plaintiff was not a good employee, and the only thing that he did wrong was to serve as a witness in social security cases which Merritt believed was a conflict of interests. An assistant attorney general, however, thought it was not a conflict of interests. Thus, an impartial panel could have found that probation or reprimand or suspension or some lesser remedy than dismissal would have been a proper punishment. Yet before the hearing Merritt already had decided that firing the plaintiff was the only appropriate remedy. Consequently, defendant Merritt is responsible for the plaintiff's dismissal. He is not entitled to a qualified immunity and is not absolutely immune; therefore, judgment is rendered in monetary damages against the defendant Merritt alone for backpay for the plaintiff from the time he was fired up until this date. Injunctive relief is granted against all the defendants, and they are directed to reinstate the plaintiff in his original position as of the date of this opinion. It further is adjudged that an entirely new, impartial panel be chosen and that the plaintiff be granted a *de novo* hearing. An order will be entered in accordance with this opinion.

The Clerk of this court is directed to send certified copies of this Memorandum Opinion to counsel of record.