Louis A. MARKS, et al., Plaintiffs,

v.

UNITED STATES SOCIAL SECURITY
ADMINISTRATION, et al.,
Defendants.

Civ. A. No. 4:95cv0050.

United States District Court,
E.D. Virginia,
Newport News Division.

Nov. 2, 1995.

1018

Louis A. Marks, Jr., Hampton, VA, Pro Se.

Brenda J. Marks, Hampton, VA, Pro Se.

Jeremy S. Thompson, Hampton, VA, Pro Se.

Susan Lynn Watt, United States Attorney's Office, Norfolk, VA, for United States Social Security Administration, John Groover, United States Department of Veterans Affairs.

LaDale Kenneth George, Office of Attorney General of Virginia, Richmond, VA, James Stuart Gilmore, III, Attorney General of Virginia, Richmond, VA, William Henry Hurd, Office of the Attorney General, Richmond, VA, Jane D. Hickey, Office of the Attorney General, Richmond, VA, for Commonwealth of Virginia, Department of Rehabilitative Services, Carolina Longa, Luc Vinh.

Donna J. Hall, Mays & Valentine, Norfolk, VA, Irma W. Merrill, Merrill, James & Merrill, Memphis, TN, for Bank of America, Boatman's National Mortgage Company.

Mary Christine Maggard, Shapiro and Burson, Virginia Beach, VA, for Shapiro and Burson Trading as Professional Foreclosure Corporation, Christine Patterson, Lori–Don MacNamee, Dana Powers.

Thomas Scott Carnes, Sykes, Carnes, Bourdon & Ahern, P.C., Virginia Beach, VA, for Long and Foster Realty, Lynn Therell, Bill Peiffer.

Alan Brody Rashkind, Furniss, Davis, Rashkind & Saunders, Norfolk, VA, for A. Paul Burton.

## MEMORANDUM OPINION AND ORDER
### INTRODUCTION

JACKSON, District Judge.

The matter presented to the Court is Defendants' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiffs, acting *pro se*, brought this action after the Social Security Administration ("SSA") affirmed its initial denial of Plaintiff Brenda Marks' application for disability benefits. Because this Court lacks subject matter jurisdiction over the action, it **GRANTS** Defendants' motion. This disposition of the matter renders it unnecessary to decide Plaintiffs' Motion for Imposition of Sanctions.

### I. FACTS

The SSA denied Plaintiff Brenda Marks' initial application for disability insurance benefits, (Def.s' Ex. 5), and affirmed its decision on reconsideration. (Def.s' Ex. 8.) Upon Ms. Marks' request for a hearing by an Administrative Law Judge on November 18, 1993, (Def.s' Ex. 9), the Office of Hearings and Appeals notified her that a hearing would be scheduled at a later date because of the volume of pending requests for hearing at that office. (Def.s' Ex. 10.) Before the hearing could be scheduled, the Virginia Department of Rehabilitative Services Disability Determination Service recalled the case and reversed the denial in April 1994. (Def.s' Ex. 11.) Since then, Ms. Marks has received retroactive benefits and regular monthly disability benefits. Thirteen months passed between Ms. Marks' application for benefits and the SSA's granting those benefits.

Plaintiffs claim that the delay in hearing Ms. Marks' claim and the continued denial of benefits resulted in the foreclosure on their

---

1. Defendants are represented by various counsel, each of whom have moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). Defendants United States Social Security Administration, Mr. Groover, and the United States Department of Veterans Affairs also moved in the alternative for summary judgment under Rule 56. This Court will consolidate these motions and treat them as a motion to dismiss pursuant to Rule 12(b)(1).

property. The property had been conveyed to Mr. Marks, a disabled veteran, on March 15, 1990 by the Secretary of Veterans Affairs, subject to a lien of a Deed of Trust to secure a promissory note to the Secretary.[2] (Def.s' Ex.s 1, 2.) National Mortgage Company, which serviced the mortgage, requested foreclosure and the property was consequently sold in September 1994.

On April 27, 1995, Plaintiffs Brenda Marks, her husband Louis Marks, and Ms. Marks' son, Jeremy Thompson, filed this action. Each plaintiff claims $500,000.00 in punitive and compensatory damages. Their claims may be stated as follows:

1. In Count I, Plaintiffs name (1) the SSA; (2) John Groover, manager of the Hampton Administration office; (3) the Virginia Department of Rehabilitative Services ("the Department"); and (4) two employees of the Department, Dr. Longa and Dr. Vinh. They claim that these Defendants are responsible for the improper disposal of Brenda Marks' medical records, which they claim included an erroneous diagnosis on initial review and on reconsideration and which was improperly sealed while her request for a hearing was pending.

2. Plaintiffs claim that the events set forth in Count I resulted in Plaintiffs' financial loss, leading to wrongful foreclosure on Louis Marks' property by Defendants National Mortgage, Shapiro, and Burson, and that the United States Department of Veterans Affairs failed to intervene in this matter on Plaintiffs' behalf.

3. Plaintiffs claim that National Mortgage, Shapiro, Burson, MacNamee, Patterson, Powers, Long & Foster, Therell, Peiffer, Bank of America (as current deeded owners of the property), and the United States Department

of Veterans Affairs conspired to prevent Plaintiffs from regaining title of the property, and seized and damaged Plaintiffs' personal and real property in the process of claiming the property.

4. Plaintiffs claim that the Defendants named in Count III misrepresented items to court officials, altered legal documents, and authorized unnecessary work and expenses.

## II. LEGAL STANDARD

 Federal Rule of Civil Procedure 12(b)(1) provides for the defense of lack of jurisdiction over subject matter. A motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face or the truth of the underlying jurisdictional allegations contained in the complaint. The non-movant has the burden to allege and prove such jurisdiction. *Lane v. David P. Jacobson & Co., Ltd.,* 880 F.Supp. 1091, 1094 (E.D.Va.1995) (citing *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982)). This Court must weigh the evidence before it to establish its jurisdiction: "A court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States,* 800 F.2d 393, 396 (4th Cir.1986).

## III. DISCUSSION

Federal jurisdiction hinges on Claim I, which addresses the SSA's denial of disability benefits. Claims II, III, and IV, which concern ramifications of this denial, are state law tort claims concerning the foreclosure.[3] Because this Court would only have supplemental jurisdiction over these claims, 28 U.S.C. § 1367 (1988), the Court turns to the issue of whether it has jurisdiction over Claim I.

---

**2.** The Secretary sold the deed and note to Security Pacific National Bank, which was succeeded by Bank of America.

**3.** There is no diversity among Plaintiffs and the numerous Defendants. Furthermore, although Plaintiffs allude to the Department of Veterans Affairs' violation of "procedural policy ... to provide assistance to veterans" in Count II, and that this agency "conspired to compromise Plain-

tiffs' rights to regain title to property and increase the emotional and financial burden" in Count III, they do not cite to federal law. This Court cannot discern any federal law that might apply to this claim. In view of the Court's disposition of the federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state claims.

## A. Suit Pursuant to 42 U.S.C. § 405(g)

■ Judicial review of the SSA's rulings is governed by 42 U.S.C. § 405(g) (1988). The two prerequisites for district courts to have jurisdiction over a claim are (1) the nonwaivable requirement that the claim for benefits was presented to the Secretary, and (2) the waivable requirement of exhaustion of administrative remedies. *Heckler v. Day*, 467 U.S. 104, 111 n. 14, 104 S.Ct. 2249, 2253 n. 14, 81 L.Ed.2d 88 (1984). Administrative remedies include a hearing by the Secretary, a *de novo* hearing before an administrative law judge, and an appeal to the SSA Appeals Council. *See* 42 U.S.C. § 421(d) (1988), 20 C.F.R. § 404.900 (1995). Plaintiffs have not exhausted administrative remedies in the instant case.

### 1. Exhaustion of Administrative Remedies

■ The following circumstances comprise an exception to the exhaustion requirement under 42 U.S.C. § 405(g):[4] (1) plaintiffs' claims are collateral to their claim of benefits; (2) irreparable injury will follow; and (3) exhaustion will otherwise be futile. *Bowen v. City of New York*, 476 U.S. 467, 483, 106 S.Ct. 2022, 2031–2032, 90 L.Ed.2d 462 (1986).

Plaintiffs' claim fails the first prong of the *City of New York* test. The Supreme Court has held that claims are not collateral when claimant sues in district court for a

> mere deviation from the applicable regulations in his particular administrative proceedings. In the normal course, such individual errors are fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation. . . . [O]ur holding . . . does not suggest that exhaustion is to be excused whenever a claimant alleges an irregularity in the agency proceedings. . . . [The exhaustion requirement may be waived where] the District Court f[i]nd[s] a

systemwide, unrevealed policy that was inconsistent in critically important ways with established regulations.

*Bowen v. City of New York*, 476 U.S. 467, 484–85, 106 S.Ct. 2022, 2032–33, 90 L.Ed.2d 462 (1986).

In *Goodnight v. Shalala*, 837 F.Supp. 1564 (D.Utah 1993), the court found claims to be collateral where plaintiffs did not challenge a specific disability determination but relief from a procedure that they claimed unfairly treated many similarly situated applicants. *See id.* at 1569.

■ Here, Plaintiff's claim is not collateral. Plaintiffs assert that they do not seek review of the original denial of disability benefits, which has been reversed.[5] Instead, Plaintiffs claim that the SSA's negligent handling of Ms. Marks' disability benefits claim, specifically the delay in process and an erroneous diagnosis, led to the family's financial loss and accompanying emotional distress.

The essence of Plaintiffs' claim is a challenge to the SSA's decision to deny benefits to Ms. Marks. (*See* Pl.s' Mem. in Support of Response to Mot. to Dismiss at 2.) Illustrative of this underlying interest is the money damages Plaintiffs seek, rather than equitable relief. *Cf. Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993) (rejecting 12(b)(1) motion where plaintiffs sought declaratory and injunctive relief pursuant to the Social Security Act). Plaintiffs cannot clothe their frustration with the SSA's decision in their case in the guise of a collateral claim. (*See* Pl.s' Mem. in Support of Response to Mot. to Dismiss, at 3.) Because Plaintiffs allege an irregularity in the agency proceedings in the instant case, their claim falls precisely within the Supreme Court's holding that rejected waiver of the exhaustion requirement.

### B. Damages and Other Grounds for Suit

Even if the Court finds that Plaintiffs' complaint legitimately challenges the SSA's

---

4. This Court does not have jurisdiction over the claim as part of the expedited appeals process. Federal courts have jurisdiction directly upon initial and reconsidered determination only when claims challenge the constitutionality of provisions in the law. 20 C.F.R. § 404.924(d) (1995).

5. Plaintiffs' claim concerning delay does not seem to constitute a challenge to the SSA's procedure but instead the result of SSA decisions Plaintiffs claim as negligent.

negligence as a collateral issue, when it considers other grounds for jurisdiction, it still does not have jurisdiction over Plaintiffs' claim for money damages against these Defendants. Count I names (1) the SSA; (2) John Groover, the manager of the Hampton Administration office; (3) the Virginia Department of Rehabilitative Services; and (4) two employees of the Department, Dr. Longa and Dr. Vinh.

### 1. Section 405(g)

■ Plaintiffs cannot seek relief pursuant to § 405(g). First, this section only authorizes suits challenging final decisions by the Commissioner of Social Security. 42 U.S.C.A. § 405(g) (West Supp.1993); *see Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). Plaintiffs do not seek review of an agency decision, however, and therefore this Court cannot have jurisdiction over this matter. *Robinson v. Secretary of Health and Human Services*, 885 F.2d 871 (6th Cir.1989).

■ Second, Plaintiffs have already received the only benefits to which they were entitled, which is the retroactive reinstatement of benefits. 42 U.S.C. § 405(i) (1988); *Robinson*, 885 F.2d at 871; *Ostroff v. State of Florida, Dept. of Health*, 554 F.Supp. 347 (M.D.Fla.1983). On similar facts, the *Ostroff* court refused to award compensatory and punitive damages under § 405(g). 554 F.Supp. at 351–52. The court dismissed the case for lack of jurisdiction, holding: "[T]he Secretary has already ruled in [plaintiff's] favor, reinstating his benefits retroactively, but [plaintiff] now seeks further vindication by suing for consequential and punitive damages. Section 405(g) does not contemplate such an action and affords no such relief." *Id.* This Court therefore lacks jurisdiction over Plaintiffs' § 405(g) claim.

### 2. Other Grounds for Jurisdiction

Even if an alternative provision supported Plaintiffs' claim for damages, § 405(h) (prohibiting suit against federal entities), sovereign immunity, and the Eleventh Amendment would bar relief against all Defendants. Plaintiffs' claim concerning Defendants' negligence in processing their claim might be viewed as a challenge to the state agency's failure to apply proper criteria to disability determinations, which would give this Court federal question jurisdiction under 28 U.S.C. § 1331 (1988). However, even if the Court accepts this posture of Plaintiffs' claim, the claim still must fail.

#### a. Social Security Administration

■ It appears that the SSA cannot be a Defendant in a tort action for negligence brought pursuant to 28 U.S.C. § 1331 (1988).[6] The Social Security Act precludes tort claims against federal entities. Section § 405(h) provides: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C.A. § 405(h) (West Supp.1993). The Supreme Court has acknowledged doubts about whether this provision precludes federal question jurisdiction. *Schweiker v. Chilicky*, 487 U.S. 412, 429 n. 3, 108 S.Ct. 2460, 2471 n. 3, 101 L.Ed.2d 370 (1988). The ultimate success of the administrative procedure in the instant case, however, argues against jurisdiction on this basis:

> Procedures set out by the Secretary of the SSA for hearing appeals from denials of benefits can and do work very effectively as illustrated in this case where the allegedly inadequate procedures were corrected administratively and where the plaintiffs received the benefits they had originally sought. Thus there is no reason to utilize § 1331 as a means of avoiding the requirement of administrative exhaustion contained in § 405(g).

*Mercer v. Birchman*, 533 F.Supp. 1234, 1238 (D.Conn.1982), *aff'd*, 700 F.2d 828 (2d Cir. 1983).[7]

---

**6.** "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1988).

**7.** *Ellis v. Blum* asserted that claims for emotional damages in that case "clearly" were not precluded by § 405(h) because they did not "arise under" Title II, 643 F.2d at 76. The claim in that case, however, was based on § 1983, which is

### b. Virginia Department of Rehabilitative Services

■ It is unclear whether a suit against the Department would similarly be barred pursuant to 42 U.S.C. § 405(h) (1988). That section applies only to federal entities, and it is unclear whether the Department functions as a federal or state entity. Circuits are split on this issue. *Compare Schoolcraft v. Sullivan,* 971 F.2d 81, 88 (8th Cir.1991) (holding that the Department of Disability Determination Services (DDS) operates pursuant to state statutory authority, and therefore district court had jurisdiction over § 405(h) claim against director of DDS and Commissioner of the Minnesota Department of Jobs and training), *cert. denied,* —— U.S. ——, 114 S.Ct. 902, 127 L.Ed.2d 93 (1994) *and Goodnight v. Shalala,* 837 F.Supp. 1564 (D.Utah 1993) *with Ellis v. Blum,* 643 F.2d 68 (2d Cir.1981) (holding that state defendants fall within § 405(g) because they act as mere agents of the SSA) *and Ostroff,* 554 F.Supp. at 352 ("The defendants, ... although a state agency and a state official, were not acting under color of state law, but were acting under federal authority.").

The Virginia Code provides:

The Commissioner shall cooperate with the federal Department of Health and Human Services and other agencies of the United States and with the local boards of public welfare, in relation to matters set forth in this title, and in any reasonable manner that may be necessary for this Commonwealth to qualify for and to receive grants or aid from such federal agencies for public assistance and services in conformity with the provisions of this title....

VA.CODE § 63.1–35. Considering this language and the facts of this case, the Court finds that the Department was acting under federal authority, and is protected by § 405(h) as such. As stated by the *Ellis* court: "To hold otherwise arguably would invite applicants for Title II benefits to circumvent §§ 405(g) and (h) by bringing suit under § 1331 against the state officials instead of the Secretary...." *Ellis,* 643 F.2d at 75. In the instant case, Plaintiffs have pursued the appropriate administrative avenues and ultimately received the benefits to which they were entitled. They cannot receive further damages for the error made by the SSA. Moreover, since the Court finds that the Department operates as an arm of the federal government, a negligence action cannot be maintained against it under 42 U.S.C. § 405(h) (1988).[8]

■ Even if the Court finds that the Department operates pursuant to the state statute that created it, and therefore finds that § 405(h) does not preclude suit against it, the Eleventh Amendment would still bar Plaintiffs' suit. Citizens cannot sue unconsenting states for retrospective money damages in federal court. *See Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Eleventh Amendment extends to statewide agencies. *Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Association,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); *Cain v. Commonwealth of Virginia,* 574 F.Supp. 559, 562 (W.D.Va. 1983). Since Virginia has not consented to such actions, sovereign immunity would bar Plaintiffs' claim for money damages against the Department and its employees who have been named in their official capacity.

### c. Mr. Groover

■ Sovereign immunity would similarly immunize Mr. Groover, the manager of the Hampton SSA office. Suits against state officers and employees sued in their official

---

unavailable here, *see supra*. The Supreme Court has emphasized a broad reading of the preclusion intended by § 405(h): "To contend that [an action challenging the constitutionality of SSA procedure] does not arise under the Act whose benefits are sought is to ignore both the language and the substance of the complaint and judgment ... [I]t is the Social Security Act which provides both the standing and the substantive basis for the presentation of their constitutional conten-

tions." Because the claim for emotional and financial damages in the present case stems from the standing provided to them through the Social Security Act, and not § 1983, Plaintiffs' claims arise under Title II and are precluded by § 405(h).

8. The same reasoning would operate to bar suit against the remaining Defendants.

capacities are effectively suits against the state itself. *Hafer v. Melo*, 502 U.S. 21, 23, 112 S.Ct. 358, 360–61, 116 L.Ed.2d 301 (1991); *B.M.H. v. School Bd. of Chesapeake*, 833 F.Supp. 560, 573 n. 20 (E.D.Va.1993). State employees are therefore protected from suits for retrospective damages by the Eleventh Amendment where the damages would be paid from public funds in the state treasury. *Edelman*, 415 U.S. at 665, 94 S.Ct. at 1356–57; *Wooldridge v. Commonwealth of Virginia et al.*, 453 F.Supp. 1333, 1336 (E.D.Va.1978).

■ Sovereign immunity does not protect state officials who are sued in their individual capacity. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), *cited in DeLong v. Internal Revenue Service, et al.*, 908 F.2d 966 (4th Cir.1990) (unpublished opinion) (holding IRS agent immune from suit against him in his individual capacity for deprivation of property without due process), *available in* WESTLAW, at *2. However, "[p]ublic officials, when acting within the scope of their official authority, are immune from suit for damages." *Mullins v. First Nat'l Exchange Bank of Virginia, et al.*, 275 F.Supp. 712, 724 (W.D.Va. 1967). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

■ In the instant case against Mr. Groover, Plaintiffs do not assert any specific actions taken by this Defendant that validate suing him in his individual capacity. Plaintiffs claim only that Mr. Groover managed the office that was responsible for shipping "the file with medical records ... for storage to the Federal Archives as a closed file when it should have been delivered to the proper Appeals Hearings office." (Pl.'s Mot. for Judgment, at 3.) Supervision of this action is insufficient to bring Mr. Groover out of the protection of sovereign immunity.

#### d. Dr. Longa and Dr. Vinh

■ Dr. Longa and Dr. Vinh are employed by the Department. For the reasons cited in subsection (c) above, Plaintiffs must allege claims sufficient to sue them in their individual capacity.

Plaintiffs claim that Drs. Longa and Vinh willfully and negligently performed their duties. (Pl.'s Mem. in Support of Response to Mot. to Dismiss, at 2.) They assert that Dr. Longa signed a denial that "included a diagnosis that was not in the medical records submitted for review nor a[ ] medical condition known to any person in the profession." (Pl.'s Mot. for Judgment, at 3.) They further assert that Dr. Vinh included this mistaken diagnosis in the denial on reconsideration.

Plaintiffs have not presented evidence to show that the doctors' conduct lay beyond the ordinary course of their duties. No facts are asserted to categorize the doctors' conduct as willful, or even that the diagnosis was incorrect. More importantly, however, these doctors were acting within the scope of their official duties, and therefore cannot be sued in their individual capacities. Since Plaintiffs' only option is to sue them in their official capacities for money damages, sovereign immunity protects them from this suit.

#### 3. Constitutional Claim

■ Since this Court must construe this *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), it might view the complaint as a claim pursuant to 42 U.S.C. § 1983 (1988),[9] concerning the denial of procedural due process. Thus, jurisdiction would be based not on the Social Security Act alone, but on the federal Constitution. In the instant case, the Fifth Amendment is implicated, since the Court has found that the state defendants were effectively operating under federal law. *See Ostroff*, 554 F.Supp. at 352 (citing *Bivens v. Six Un-*

---

9. Section 1983 provides in pertinent part: "Every person who, under color any statute ... of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding...."

*known Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)); *Ellis v. Blum,* 643 F.2d at 83.[10]

The SSA could not be a Defendant to this claim, since this organization did not act under color of state law. This section could only apply to the remaining Defendants. However, since the Court finds that the state entities acted pursuant to the federal regulations, rather than to state statutory authority, § 1983 does not apply. *See infra* part 2.b.

Even if the Court views the state Defendants as operating under color of state law, and that they therefore fall within the ambit of § 1983, Plaintiffs lack standing to bring a constitutional claim. The Supreme Court has ruled on this issue:

> The Act ... makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits.... [C]laimants whose benefits have been fully restored through the administrative process would lack standing to invoke the Constitution under the statute's administrative review provision.

*Schweiker v. Chilicky,* 487 U.S. 412, 424–25, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988). Since Plaintiffs' benefits were restored in the instant case, they do not have standing to make a constitutional claim concerning the initial denial of Ms. Marks' application for benefits.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1).

It is so **ORDERED**.

---

**10.** The Fourteenth Amendment would have applied if the Court had decided that Defendants act as state entities. *Cf. Ostroff,* 554 F.Supp. at 353 (rejecting Fourteenth Amendment as basis for suit for Social Security benefits because the Florida State Department of Health and Rehabilitative Services operated as a federal agency).